ROBERTS, J.
Husband appeals from a dissolution-of-marriage decree, and contends that the trial court improperly divided the assets of the parties.
Husband, aged 42, and wife, aged 41, were married in 1954. Three children were bom to the marriage, now aged 15, 13 and 10. Husband has worked most of his life in the grocery business — as a box boy while attending high school, in a produce department of a grocery store, as an assistant manager for various stores, and as an acting manager for one store. Seven years ago, husband purchased with wife an independent grocery store in Florence, Oregon. Prior to the purchase of the store wife had not worked in the grocery business.
The grocery store is a successful business with a net income in 1976 of $17,966.56. Husband works 42 hours a week at the store and operates most of the business aspects of the store. Husband performs all of the maintenance, does most of the ordering, and is responsible for the marketing of various goods sold in the store. Wife spends 30 hours a week at the store, is primarily responsible for the bookkeeping in the store, and works also as a checker. Over the past seven years husband has taught wife much of the operation of the store and husband testified at trial that the wife is able to operate the store. A number of the store’s suppliers and employees also testified that wife has the ability to run the store.
All three children work in the store on a limited part-time basis, and wife testified that in the future she would like to see the store be a livelihood for the children. The relationship between the husband and the children, however, has been strained, owing in large part to the husband’s relationship with another woman. One of the children is extremely emotionally distraught by the situation which has existed, and the other two children refuse to have any dealings with *[1362] the woman including working in the store when the woman is present.
The trial court awarded custody of the three children to wife and ordered husband to pay $100 per child per month for child support. The court made no award of spousal support but awarded wife all interest in the grocery store, subject to a $6,000 noté payable to husband due over the next five years. The trial court also provided that husband be granted credit against child support in the amount of $5,000. On appeal, husband does not object to any of the particular valuations used by the court dividing the marital assets, but rather contends that the store should have been awarded to him subject to a note payable to wife.
In light of several considerations, we are convinced that the trial court’s order was appropriate as to the award of the store to wife. First, it is clear that though husband has a more extensive background in the grocery business, both parties are capable of operating the store on a day-to-day basis. Second, as the trial court found, the husband "has a marketable skill and talent * * * and can become employed within a brief period of time.” Wife, on the other hand, does not have the extensive training husband has and it would be more difficult for her to find comparable employment should she not be awarded the store. Third, the evidence indicates that the children have become integrated into the function of the store and are likely to become more active in the day-to-day operation of the store in the future. As wife has been granted custody of the children — an order husband does not contest — and as the children do not now appear likely to continue working in the store should husband be awarded the store, the integration of the children into the business could likely be continued only if wife were to be awarded the store.
However, in awarding the store to wife, she also receives the income from the store subject only to the $6,000 note payable to husband. Husband has the task *[1363] of becoming employed. With this in mind, it is more equitable to require husband to pay less child support than the trial court ordered.
Therefore, in view of the peculiar circumstances of this case, we affirm the trial court’s order as to the award of the store to wife and her obligation to husband on the note, but reduce child support to be paid by husband to $25 per month per child and award husband no credit on the child support obligation.
Affirmed as modified. No costs to either party.